**617 A.2d 300**

MIDDLESEX COUNTY HEALTH DEPARTMENT, PLAINTIFF–
APPELLANT, v. MIDDLESEX COUNTY UTILITIES
AUTHORITY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 24, 1992—Decided December 14, 1992.

Before Judges MICHELS, BILDER and WALLACE.

*Edward Gross,* Middlesex County Counsel, attorney for appellant (*Florence J. Lotrowski,* Deputy County Counsel, on the brief).

*Wilentz, Goldman & Spitzer,* attorneys for respondent (*Francis X. Journick, Jr.,* of counsel and on the brief).

The opinion of the court was delivered by

BILDER, J.A.D.

This appeal had its genesis in a summons issued to defendant Middlesex County Utilities Authority by plaintiff Middlesex County Health Department charging that the MCUA was emitting landfill gas odors from its Edgeboro Sanitary Landfill in violation of the Sayreville air pollution ordinance. In response to a MCUA motion challenging application of the local ordinance to it, the Sayreville Municipal Judge dismissed the complaint upon a finding that the local ordinance could not regulate the operations of a regional authority and therefore the municipal court lacked jurisdiction. On appeal to the Law Division, the action of the municipal court judge was affirmed and the matter was again dismissed. In an oral opinion of July 1, 1991, memorialized by an order of July 15, 1991, the Law Division judge found that the MCUA is exempted from local regulation by *N.J.S.A.* 40:14B–19(b) and that the local air pollution ordinance, Ordinance No. 1492, is preempted by the Air Pollution Control Act, *N.J.S.A.* 26:2C–1 *et seq.* The Health Department appeals, claiming error in both conclusions.

We are in accord with the Law Division judge on both grounds.

I.

*N.J.S.A.* 40:14B–19(b), a part of the statute authorizing the creation of utilities authorities [1], in pertinent part, provides as follows:

---

[1] Municipal and County Utilities Authorities Law, *N.J.S.A.* 40:14B–1 *et seq.*

> Every municipal authority is hereby authorized * * * to acquire * * *, and, notwithstanding the provisions of any charter, ordinance or resolution of any county or municipality to the contrary, to construct, maintain, operate and use such * * * other plants * * as in the judgment of the municipal authority will provide an effective and satisfactory method for promoting purposes of the municipal authority.

The statute, by its plain terms, clearly exempts the utilities authority from local regulation. *See Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556, 362 *A*.2d 13 (1976). Plaintiff's policy arguments to the contrary must be addressed to the Legislature.

## II.

█ In the Air Pollution Control Act, *supra,* the Legislature comprehensively dealt with the subject. The nature of air pollution is such as to require uniform regulation. We are satisfied that by the Act, except for more stringent regulation, the Legislature has preempted the field.[2] *See Overlook Ter. Manage. v. Rent Control Bd. of W. New York,* 71 *N.J.* 451, 461–462, 366 *A*.2d 321 (1976). That this is so is made explicit by *N.J.S.A.* 26:2C–22, a section of that act, which permits more stringent local law.

> No ordinances of any governing body of a municipality or county or board of health more stringent than this act or any code, rules or regulations promulgated pursuant thereto shall be superseded by this act. Nothing in this act or in any code, rules or regulations promulgated pursuant thereto shall preclude the right of any governing body of a municipality or county or board of health, subject to the approval of the department, to adopt ordinances or regulations more stringent than this act or any code, rules or regulations promulgated pursuant thereto. Penalties for violations of ordinances of a governing body of a municipality, county or board of health shall not exceed $2,500.00.

---

2 In *Dome Realty, Inc. v. Paterson,* 83 *N.J.* 212, 416 *A*.2d 334 (1980) the court, dealing with a similar provision in the Hotel and Multiple Dwelling Act, characterized the provision in the opposite way: "No more explicit an expression that preemption has *not* occurred could be imagined." *Id.* at 233, 416 *A*.2d 334. In that case, the court upheld the local law as more restrictive. The difference in characterization is perhaps semantic—perhaps merely a literary tool. For our purposes, we believe "preempted except for more stringent regulation" is the appropriate characterization.

Plaintiff contends that this section is ambiguous and should be properly interpreted to permit local regulation as long as it does not conflict with the act, that is to say, to enact coextensive regulation. This would require reading the phrase "more stringent than this act" to mean "not less stringent than this act." Absent a clear indication to the contrary, language in a statute is to be read in accordance with its plain and ordinary meaning. *See Service Armament Co. v. Hyland, supra.* Moreover, it would introduce an element of disruption into the statute's administrative scheme. *See Mack Paramus Co. v. Mayor and Council,* 103 *N.J.* 564, 576, 511 *A.*2d 1179 (1986).

We are satisfied the ordinance is not more stringent than the act and is therefore invalid.

Affirmed.